IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BERL BATES, | No. C 07-2700 JSW (PR) |
| Petitioner, | ORDER OF DISMISSAL |
| vs. | |
| STEPHEN MAYBERG, Director, California Department of Mental Health, and THOMAS VOSS, Director, Coalinga State Hospital, | |
| Respondent. | |

Petitioner, a pre-trial civil detainee at Coalinga State Hospital currently pending a hearing under the Sexually Violent Predator Act ("SVPA"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the State Department of Mental Health's ("DMH") failure to comply with the California Administrative Procedures Act in implementing a new "standardized assessment protocol" as required by the SVPA. Petitioner has paid the filing fee. The Court concludes that Petitioner's claim is not cognizable under § 2254 and will dismiss the petition.

**DISCUSSION**

A.   Standard of Review

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is

1

in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

B.   Petitioner's Claim

As grounds for habeas relief, Petitioner alleges that under the SVPA, California Welfare and Institutions Code § 6601(c), the DMH is required to evaluate persons screened by the Department of Corrections and Board of Prison Terms and determined "likely to be a sexually violent predator[,]" in "accordance with a standardized assessment protocol, developed and updated by the State Department of Mental Health, to determine whether the person is a sexually violent predator as defined in this article." Ca. Wel. & Inst. § 6601(c). Petitioner alleges that because the DMH has implemented an entirely new mental health evaluation protocol, but has failed to promulgate the protocol as required under the California Administrative Procedures Act ("APA"), Ca. Gov. Code § 11342 *et seq.*, the use of the protocol violates Petitioner's due process rights under the Fourteenth Amendment to the United States Constitution.

States may enact statutes that provide for the "forcible civil detainment of people who are unable to control their behavior and who thereby pose a danger to the public health and safety." *Kansas v. Hendricks*, 521 U.S. 346, 357 (1997). The constitutionality of state civil commitment proceedings may be challenged in federal habeas corpus once state remedies have been exhausted. *See Nelson v. Sandritter*, 351 F.2d 284, 285 (9th Cir. 1965). Commitment to a mental hospital produces a massive curtailment of liberty and consequently requires due process protection. *See Vitek v. Jones*, 445 U.S. 480, 491-92 (1980). This is true even where the respondent is already a prisoner in custody of the

state or federal government. *See id.* at 493-94.

In *Vitek*, the Court identified the following as minimum safeguards to which due process entitled a respondent in a commitment proceeding: written notice; a hearing at which the evidence being relied upon for the commitment is disclosed; an opportunity at the hearing for the respondent to be heard in person and to present documentary evidence; an opportunity at the hearing for the respondent to be heard in person, to present testimony and documentary evidence, and to cross-examine witnesses called by the state; an independent decision-maker; a reasoned, written decision; the availability of an independent advisor, not necessarily an attorney; and effective and timely notice of all these rights. *See id.* at 494-96; *Carty v. Nelson*, 426 F.3d 1064, 1074 (9th Cir.), *amended*, 431 F.3d 1185 (9th Cir. 2005).

More recently, the Court noted that involuntary commitment statutes have been upheld when "(1) the confinement takes place pursuant to proper procedures and evidentiary standards, (2) there is a finding of dangerousness either to one's self or to others, and (3) proof of dangerousness is coupled with the proof of some additional factor, such as a mental illness or mental abnormality." *Kansas v. Crane*, 534 U.S. 407, 409-10 (2002) (internal quotation marks and ellipsis omitted). The legal definitions of "mental illness" or "mental abnormality" used in a civil commitment statute need not mirror those advanced by the medical profession. *See id.; Kansas v. Hendricks*, 521 U.S. 346, 359 (1997).

In this case, Petitioner does not argue that the civil commitment proceedings held under the SVPA fail to meet the constitutional standards set out in *Vitek* and *Crane*. Instead, Petitioner argues that the failure of the DMH to properly promulgate under the APA the standardized assessment protocol used to evaluate persons under the SVPA violates his due process rights. However, violations of state law generally do not implicate federal due process concerns. It is only when a state statute creates a protected "liberty interest" that the violation of state law raises federal constitutional concerns on federal habeas corpus. *See Bonin v. Calderon*, 59 F.3d 815, 841 (9th Cir. 1995) ("*Bonin*

*I"*).

A state law creates a "liberty interest" protected by the Due Process Clause if the law: (1) contains "substantive predicates" governing official decision making; (2) contains "explicitly mandatory language" specifying the outcome that must be reached if the substantive predicates are met; and (3) protects "some substantive end." *See id.* at 842. The state law must provide more than merely procedure. *See id.; Dix v. County of Shasta*, 963 F.2d 1296, 1299 (9th Cir. 1992).).

Several Ninth Circuit panels also have required that the state law violation result in the deprivation of a substantive right protected by the Constitution. *See, e.g., Bonin v. Calderon*, 77 F.3d 1155, 1161-62 (9th Cir. 1996) ("*Bonin II*") (even assuming violation of state law in setting execution date, no federal habeas claim because there is no deprivation of federal substantive right); *Bonin I*, 59 F.3d at 842 (California statute which gives defendant in capital case right to have two defense attorneys argue in his behalf does not create protected liberty interest cognizable in habeas because it contains neither "substantive predicates" nor "explicitly mandatory language," and there is no federal constitutional right to have two attorneys make closing arguments); *Moran v. Godinez*, 57 F.3d 690, 698 (9th Cir. 1995) (although post-conviction court violated Nevada law when it placed burden of proving competency on defendant, violation of state law did not result in deprivation of substantive right because state provided defendant with constitutionally adequate procedures to evaluate his competency, even with burden of proof on him).

In this case, it is clear that the promulgation of the standardized assessment protocol under the APA is a procedural right and the SVPA assessment statute does not create the type of "substantive predicates" governing official decision making nor "explicitly mandatory language" required to raise a due process claim based on the alleged state law violation. Accordingly, the instant petition is dismissed because Petitioner's claim is not cognizable under § 2254.

## CONCLUSION

The instant petition is DISMISSED for failure to state a cognizable claim under

1  § 2254. The Clerk shall terminate all pending motions, enter judgment and close the file.

2  IT IS SO ORDERED.

3  DATED: October 17, 2007

_____
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BERL BATES,<br><br>    Plaintiff,<br><br>v.<br><br>STEPHEN W. MAYBERG et al,<br><br>    Defendant.                / | Case Number: CV07-02700 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 17, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert Berl Bates
Coalinga State Hospital
P.O. Box 5003, Unit 6
CO. 000186-7
Coalinga, CA 93210

Dated: October 17, 2007

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk