IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT BERL BATES, | ) | No. C 07-2700 JSW (PR) |
| Petitioner, | ) ) | ORDER DENYING RECONSIDERATION |
| vs. | ) ) | |
| STEPHEN MAYBERG, Director, California Department of Mental Health, and THOMAS VOSS, Director, Coalinga State Hospital, , | ) ) ) ) ) | (Docket Nos. 8 & 9) |
| Respondent. | ) ) | |

Petitioner, a detainee under the Sexually Violent Predator Act ("SVPA"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was dismissed for failure to state a cognizable claim for relief. Petitioner has moved for reconsideration (Docket Nos. 8 & 9). challenging the State Department of Mental Health's ("DMH") failure to comply with the California Administrative Procedures Act in implementing a new "standardized assessment protocol" as required by the SVPA. Petitioner has paid the filing fee. The Court concludes that Petitioner's claim is not cognizable under § 2254 and will dismiss the petition.

**DISCUSSION**

A.  Standard of Review

A district court may entertain a petition for writ of habeas corpus "in behalf of a

1

person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

B.    Petitioner's Claim

As grounds for habeas relief, Petitioner alleges that under the SVPA, California Welfare and Institutions Code § 6601(c), the DMH is required to evaluate persons screened by the Department of Corrections and Board of Prison Terms and determined "likely to be a sexually violent predator[,]" in "accordance with a standardized assessment protocol, developed and updated by the State Department of Mental Health, to determine whether the person is a sexually violent predator as defined in this article." Ca. Wel. & Inst. § 6601(c). Petitioner alleges that because the DMH has implemented an entirely new mental health evaluation protocol, but has failed to promulgate the protocol as required under the California Administrative Procedures Act ("APA"), Ca. Gov. Code § 11342 *et seq.*, the use of the protocol violates Petitioner's due process rights under the Fourteenth Amendment to the United States Constitution.

States may enact statutes that provide for the "forcible civil detainment of people who are unable to control their behavior and who thereby pose a danger to the public health and safety." *Kansas v. Hendricks*, 521 U.S. 346, 357 (1997). The constitutionality of state civil commitment proceedings may be challenged in federal habeas corpus once state remedies have been exhausted. *See Nelson v. Sandritter*, 351 F.2d 284, 285 (9th Cir. 1965). Commitment to a mental hospital produces a massive curtailment of liberty and consequently requires due process protection. *See Vitek v. Jones*, 445 U.S. 480, 491-92

1  (1980). This is true even where the respondent is already a prisoner in custody of the
2  state or federal government. *See id.* at 493-94.
3      In *Vitek*, the Court identified the following as minimum safeguards to which due
4  process entitled a respondent in a commitment proceeding: written notice; a hearing at
5  which the evidence being relied upon for the commitment is disclosed; an opportunity at
6  the hearing for the respondent to be heard in person and to present documentary evidence;
7  an opportunity at the hearing for the respondent to be heard in person, to present
8  testimony and documentary evidence, and to cross-examine witnesses called by the state;
9  an independent decision-maker; a reasoned, written decision; the availability of an
10 independent advisor, not necessarily an attorney; and effective and timely notice of all
11 these rights. *See id.* at 494-96; *Carty v. Nelson*, 426 F.3d 1064, 1074 (9th Cir.), *amended*,
12 431 F.3d 1185 (9th Cir. 2005).
13     More recently, the Court noted that involuntary commitment statutes have been
14 upheld when "(1) the confinement takes place pursuant to proper procedures and
15 evidentiary standards, (2) there is a finding of dangerousness either to one's self or to
16 others, and (3) proof of dangerousness is coupled with the proof of some additional
17 factor, such as a mental illness or mental abnormality." *Kansas v. Crane*, 534 U.S. 407,
18 409-10 (2002) (internal quotation marks and ellipsis omitted). The legal definitions of
19 "mental illness" or "mental abnormality" used in a civil commitment statute need not
20 mirror those advanced by the medical profession. *See id.; Kansas v. Hendricks*, 521 U.S.
21 346, 359 (1997).
22     In this case, Petitioner does not argue that the civil commitment proceedings held
23 under the SVPA fail to meet the constitutional standards set out in *Vitek* and *Crane*.
24 Instead, Petitioner argues that the failure of the DMH to properly promulgate under the
25 APA the standardized assessment protocol used to evaluate persons under the SVPA
26 violates his due process rights. However, violations of state law generally do not
27 implicate federal due process concerns. It is only when a state statute creates a protected
28 "liberty interest" that the violation of state law raises federal constitutional concerns on

federal habeas corpus. *See Bonin v. Calderon*, 59 F.3d 815, 841 (9th Cir. 1995) ("*Bonin I*").

A state law creates a "liberty interest" protected by the Due Process Clause if the law: (1) contains "substantive predicates" governing official decision making; (2) contains "explicitly mandatory language" specifying the outcome that must be reached if the substantive predicates are met; and (3) protects "some substantive end." *See id.* at 842. The state law must provide more than merely procedure. *See id.; Dix v. County of Shasta*, 963 F.2d 1296, 1299 (9th Cir. 1992).).

Several Ninth Circuit panels also have required that the state law violation result in the deprivation of a substantive right protected by the Constitution. *See, e.g., Bonin v. Calderon*, 77 F.3d 1155, 1161-62 (9th Cir. 1996) ("*Bonin II*") (even assuming violation of state law in setting execution date, no federal habeas claim because there is no deprivation of federal substantive right); *Bonin I*, 59 F.3d at 842 (California statute which gives defendant in capital case right to have two defense attorneys argue in his behalf does not create protected liberty interest cognizable in habeas because it contains neither "substantive predicates" nor "explicitly mandatory language," and there is no federal constitutional right to have two attorneys make closing arguments); *Moran v. Godinez*, 57 F.3d 690, 698 (9th Cir. 1995) (although post-conviction court violated Nevada law when it placed burden of proving competency on defendant, violation of state law did not result in deprivation of substantive right because state provided defendant with constitutionally adequate procedures to evaluate his competency, even with burden of proof on him).

In this case, it is clear that the promulgation of the standardized assessment protocol under the APA is a procedural right and the SVPA assessment statute does not create the type of "substantive predicates" governing official decision making nor "explicitly mandatory language" required to raise a due process claim based on the alleged state law violation. Accordingly, the instant petition is dismissed because Petitioner's claim is not cognizable under § 2254.

**CONCLUSION**

1 | The instant petition is DISMISSED for failure to state a cognizable claim under
2 § 2254. The Clerk shall terminate all pending motions, enter judgment and close the file.
3 | IT IS SO ORDERED.
4 | DATED: March 31, 2008

*Jeffrey S. White*
JEFFREY S. WHITE
United States District Judge